**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re:<br><br>Vickie Madsen,<br><br>Debtor, | Bky Case No. 18-33308<br><br>Chapter 7 |
| Michael S. Dietz, Trustee<br><br>Plaintiff,<br><br>vs.<br><br>Bryan Madsen,<br><br>Defendant. | Adv. Case No. |

## Complaint to Avoid Transfer Under Section 548

For his Complaint against Defendant, Plaintiff states and alleges as follows:

1. Plaintiff is the duly appointed, qualified and acting trustee of the Chapter 7 bankruptcy estate of the Debtor identified above.

2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157. This adversary proceeding relates to the Chapter 7 Bankruptcy Case identified above.

3. Plaintiff consents to entry of final orders or judgment by the bankruptcy court.

4. In 2017 the Debtor withdrew funds in the amount of approximately $66,000 (the "Funds") from her IRA account. The Defendant did not have an interest in the Funds.

5. The Debtor used the Funds to:

    a. Pay the $13,000 balance of a loan secured by a vehicle the Debtor owned jointly with the Defendant (the "Loan Payoff"); and

    b. Purchase a motorcycle titled jointly in the Debtor's and the Defendant's names for the sum of approximately $20,000 (the "Motorcycle Purchase").

6. The Loan Payoff, the Motorcycle Purchase and the Furniture Purchase are collectively referred to herein as the "Transfers".

7. A creditor existed as of the time of the Transfers that was still a creditor at the time the Debtor filed her bankruptcy petition.

8. The Defendant did not contribute any funds to the Loan Payoff, the Motorcycle Purchase or the Furniture Purchaser and did not pay the Debtor any money for the Transfers.

## COUNT ONE

9. The Debtor received less than a reasonably equivalent value in exchange for the Transfers.

10. The Debtor was insolvent on the date the Transfers were made or became insolvent as a result of the Transfers.

11. Plaintiff may avoid the Transfers and preserve the property for the benefit of the bankruptcy estate pursuant to 11 U.S.C. §548(a)(1)(B).

## COUNT TWO

12. The Debtor made the Transfers with the actual intent to hinder, delay, or defraud an entity to which the Debtor was indebted or became indebted to after the Transfers.

13. Plaintiff may avoid the Transfers and the property for the benefit of the bankruptcy estate pursuant to 11 U.S.C. §548(a)(1)(A).

**WHEREFORE**, Plaintiff prays the Court enter judgment against Defendant and in favor of Plaintiff in the amount of $16,500, together with such other and further relief as the Court deems just and equitable.

Dated: May 29, 2020.              **DUNLAP & SEEGER, P.A.**

                                          By: /e/ Michael S. Dietz
                                                Michael S. Dietz
                                                Registration No. 188517

                                                Aurora M. DeCook
                                                Registration No. 0399875

                                      Attorneys for Trustee
                                      30 3rd Street SE, Suite 400
                                      P.O. Box 549
                                      Rochester, MN 55903-0549
                                      Telephone: (507) 288-9111